NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT FARMER, : <br> : <br> Petitioner : <br> : <br> v. : <br> : <br> KAREN BALICKI, : <br> : <br> Respondent. : <br> : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 07-CV-5504 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon Robert Farmer's ("Petitioner") petition for *habeas corpus* pursuant to 28 U.S.C. § 2254. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Petitioner's petition for *habeas corpus* is **denied**.

**I.    BACKGROUND**

   **A.    Factual History**

On January 23, 1998, Detective Kallert of the Jersey City Police Department received information from a confidential informant ("Informant"), that Petitioner, wearing a tan puffy jacket and blue cap, was armed with a shotgun. Detective Kallert and Detective Henny (collectively, "Detectives") responded within ten minutes of receiving the call. The Detectives drove past Petitioner, made a U-turn, and conducted a surveillance operation until Petitioner's conduct made Detective Kallert suspicious. Detective Kallert observed Petitioner supporting an

object under his zipped jacket.  Once the Detectives exited their vehicle and displayed their badges, Petitioner fled toward his residence.

As Petitioner reached his residence, he discarded a sawed-off, double barrel shotgun ("shotgun") from under his jacket.  The Detectives attempted to handcuff Petitioner, however, he successfully evaded arrest.  The Detectives secured the scene seizing the shotgun and a nearby vial of cocaine.

The Detectives obtained a photograph of Petitioner under the name originally provided by the informant.  The photograph matched the identity of the man in the tan puffy jacket.  Based on this information, the police issued a warrant for Petitioner's arrest.

On February 2, 1998, at 2:20 a.m., two Jersey City police officers ("the officers") pulled over a blue two-door Pontiac, with reason to believe that Petitioner was inside.  When one officer attempted to approach the vehicle, the driver turned off his headlights and sped away.  The officers pursued the vehicle as the operator drove through a red light and traveled the wrong way on a two-way street.  The operator then stopped the Pontiac and fled on foot.  The police successfully apprehended the operator who turned out to be Petitioner.

      B.     **Procedural History**

On June 12, 2000, Petitioner was charged with possession of a firearm, in violation of N.J.S.A. 2C:39-5c(2); possession of a weapon for an unlawful purpose, in violation of N.J.S.A. 2C:39-4a; possession of a controlled dangerous substance ("CDS") (cocaine) in violation of N.J.S.A. 2C:35-10a(1); resisting arrest, in violation of N.J.S.A. 2C:29-2a; eluding a law enforcement officer, in violation of N.J.S.A. 2C:29-2b; and possession of a firearm by a person

2

convicted of a crime, in violation of N.J.S.A. 2C:39-7b.  Petitioner was convicted on all charges, except for possession of CDS.  He was sentenced on August 14, 2000, to an aggregate eighteen years of imprisonment, with nine years of parole ineligibility.

On April 26, 2002, the Superior Court of New Jersey, Appellate Division affirmed Petitioner's convictions.

On July 5, 2002, the New Jersey Supreme Court denied Petitioner's Petition for Certification.  Thereafter, Petitioner filed a *pro se* motion for post conviction relief ("PCR").  On June 4, 2004, the motion for PCR was denied.  Petitioner re-filed the PCR on October 20, 2004 and the trial court denied the PCR without an evidentiary hearing on December 2, 2004.  At that time, the trial court reversed Petitioner's conviction for possession of a firearm for an unlawful purpose and upheld Petitioner's sentence.

On February 22, 2005, Petitioner filed Notice of Appeal to the Superior Court of New Jersey, challenging the trial court's denial of PCR.  The Appellate Court affirmed Petitioner's conviction and sentence on October 30, 2006.

Thereafter, Petitioner filed a Petition for Certification to the New Jersey Supreme Court.  On March 17, 2007, the New Jersey Supreme Court denied certification.  On November 15, 2007, Petitioner filed the instant petition for *habeas corpus*.

**II.      STANDARD OF REVIEW**

28 U.S.C. § 2254 provides, in pertinent part:

> (d) An application for a writ of *habeas corpus* on behalf of a person in  custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits

> in State court proceedings unless the adjudication of the claim
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2244 (d)(1)-(2) (1996). The Antiterrorism and Effective Death Penalty Act of 1999 "increases the deference federal courts must give to the factual findings and legal determinations of state courts." Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000); See also Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). This requirement constrains a state prisoner's ability to attain a writ for *habeas corpus* for claims adjudicated on the merits. See Williams v. Taylor, 529 U.S. 362, 412 (2000). As the United States Supreme Court has noted, the policy behind this constraint is that "habeas corpus is not to be used as a second criminal trial, and the federal courts are not to run roughshod over the considered findings and judgments of the state courts that conducted the original trial and heard the appeals." Id. at 383.

Essentially, this Court must "review the state court's determinations on the merits only to ascertain whether the court reached a decision that was 'contrary to' or an 'unreasonable application' of clearly established Supreme Court law, or whether it made an 'unreasonable determination' of the facts." Marshall v. Hendricks, 307 F.3d 36, 51 (3d Cir. 2002). An unreasonable application must be objectively unreasonable, not just "incorrect or erroneous," and this Court may not grant *habeas corpus* based upon its own subjective evaluation. See Lockyer v. Andrade, 538 U.S. 63, 75 (2003); See also Williams, 529 U.S. at 412. An unreasonable

4

determination must be established by the petitioner by means of clear and convincing evidence because the state's factual determinations are presumed to be correct unless shown otherwise. See Miller-El v. Dretke, 545 U.S. 231, 240 (2005).

### III.   DISCUSSION[1]

#### A.   The Jury Process

Petitioner asserts that he is entitled to *habeas corpus* because the jury process was tainted by the presence of a juror who, by means of her family history, was unable to impartially evaluate the evidence. Petitioner states that, during *voir dire*, Juror Number One omitted information that two of her cousins had been victims of gun violence and that one of these experiences had been particularly traumatic for her. During the trial, Juror Number One requested to be replaced as forewoman. Petitioner learned of her history when the court conducted an *in camera* hearing inquiring as to the reason for Juror Number One's request. Juror Number One asserted that she had not revealed these incidents to the other jury members and that these incidents had not affected her ability to impartially decide Petitioner's case. Although Petitioner subsequently moved for a mistrial, the trial court denied Petitioner's request based on the answers provided by the empaneled jurors during jury selection. Petitioner now asserts that this denial violated his Sixth Amendment right to a trial by an impartial jury. Petitioner asserts that he would have exercised a peremptory challenge to exclude Juror Number One. Petitioner claims that the trial

---

[1] Additionally, this Court is cognizant of the leniency given to *pro se* litigants. See Haines v. Kerner, 404 U.S. 519 (1972); U.S. v. Albinson, 356 F.3d 278 (3d Cir. 2004). While Respondent asserts several defenses, this court prefers to consider Petitioner's arguments on the merits. Even with a more lenient reading of Petitioner's Complaints, however, it is apparent on its face that no relief may be granted.

court's failure to declare a mistrial entitles him to *habeas corpus*.

Respondent Karen Balicki ("Respondent") states that Petitioner is not entitled to *habeas corpus* because he did not establish that he would have exercised his right of peremptory challenge if he had known of the omitted juror information. See Wright v. Bernstein, 23 N.J. 284, 294. Petitioner remarks that Juror Number Two disclosed that a female cousin was shot to death by her husband; Juror Number Three had a friend that was convicted of possession of a weapon; Juror Number Four revealed that his/her relative had been shot with a gun; Juror Number Six stated that his/her grandfather was the victim of an aggravated assault and robbery by gun; Juror Number Fourteen was a victim of mugging; and Jurors Number Seven, Nine, and Ten answered affirmatively to a victim issues question posed, although the court was unsure of the nature of these offenses. Based on this information, Petitioner asserts that Juror Number One's presence could hardly be said to have tainted the jury.

Although the right to peremptory challenges is not constitutionally mandated, "New Jersey has long acknowledged their significance through legislation and court rule." State v. Scher, 278 N.J. Super. 249, 262 (App. Div. 1992). Indeed, peremptory challenges have been universally employed throughout the states as a fundamental aspect of criminal procedure to ensure a party's Sixth Amendment right of trial by a fair and impartial jury. Id. at 263 (citing Swain v. Alabama, 380 U.S. 202, 212-19 (1965)). An impartial jury is one "that will decide the charge according to the evidence presented in court and a jury that is free of outside influences" and is one that will maintain the appearance of impartiality. State v. Scherzer, 301 N.J. Super. 363, 486 (App. Div. 1997); Cantando v. Sheraton Poste Inn, 249 N.J. Super. 253, 261 (App. Div.

1991).  This right is "jealously guarded by the courts."  Panko v. Flintstone, 7 N.J. 55, 61 (1951).

 In New Jersey,

> Where a juror on *Voir dire* [sic] fails to disclose potentially prejudicial material, such as that involved in this case, a party may be regarded as having been denied a fair trial.  This is not necessarily because of any actual or provable prejudice to his case attributable to such juror, but rather because of his loss, by reason of that failure of disclosure, of the opportunity to have excused the juror by appropriate challenge, thus assuring with maximum possible certainty that he be judged fairly by an impartial jury.

In re Kozlov, 79 N.J. 232, 239 (1979); see also State v. Cooper, 151 N.J. 326, 349 (1997).  As Cooper, denotes,

> Although the rule does not require a litigant to demonstrate prejudice by showing that an improperly empaneled juror did not decide the case fairly, it does require a litigant to demonstrate that, had he or she known of the omitted information, he or she would have exercised a peremptory challenge to exclude the juror.

Cooper, 151 N.J. at 349 (citing Wright, 23 N.J. at 294-95).  A reviewing court has discretion to address an application for a new trial and will ordinarily deny such application "unless, after examination of the whole case, it appears the error injuriously affected the substantial rights of a party."  Panko, 7 N.J. at 62.  The policy underlying this rule is that judgments cannot be reversed for every error on the record because, if such practice were permitted, few, if any, judgments would stand.  See Scher, 278 N.J. Super. at 267.

 Petitioner's application for a new trial must be denied.  This case is unlike Wright, where the Court entertained no doubts that the juror at issue would have been excused had he answered a *voir dire* inquiry truthfully.  Id. at 266-67 (citing Wright, 23 N.J. at 294).  This is also unlike

7

State v. Thompson, where "[u]ndobutedly, if the information had been divulged, it is reasonable to assume that counsel for defendant would have challenged that juror on a peremptory basis if a challenge for cause was successful." Id. at 267 (citing State v. Thompson, 142 N.J. Super. 274, 280 (App. Div.1976)).  Rather, this case presents a situation in which Petitioner would likely not have exercised his right to exercise a peremptory challenge against Juror Number One.  As such, although Juror Number One omitted information that strikes at the heart of Petitioner's case, Petitioner fails to establish that the resulting effect on Petitioner's case was prejudicial, in light of the inclusion of eight other jurors with potentially prejudicial experiences.  Petitioner's request for *habeas corpus* on these grounds is denied.

> **B.**     **Assistance of Trial Counsel**

Petitioner requests *habeas corpus* upon two separate grounds related to the assistance of his trial counsel.  First, Petitioner claims that he was rendered with ineffective trial counsel, violative of Strickland v. Washington, 466 U.S. 668 (1984), because trial counsel did not move to sever Petitioner's charge of eluding police from Petitioner's other weapons and drug related charges.  Second, Petitioner claims that his trial counsel and the previous courts gravely erred in allowing the testimony of the informant and the evidence accordingly seized by police.

In order to establish that counsel's assistance "was so defective as to require reversal of a conviction," Petitioner must establish: (1) that his counsel's performance was deficient, "that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment," and that (2) "the deficient performance prejudiced the defense, ... [so] as to deprive the defendant of a fair trial, a trial whose result is reliable."

Strickland, 466 U.S. at 687.  Using this standard, both of Petitioner's claims fail.  Therefore, this Court denies Petitioner's petition for *habeas corpus* on these grounds.

### 1. **Severance**

Petitioner asserts that his trial counsel was so deficient such that counsel was not functioning as the "counsel" guaranteed by the Constitution and that counsel's failure to achieve severance of the eluding charge from Petitioner's other charges deprived Petitioner of a fair trial.  Petitioner's assertions, however, do not pass muster under the Strickland test.  This Court finds that "counsel made an informed choice, which at the time the decision was made reasonably could have been considered as advancing and protecting the [defendant's] interests."  Werts, 228 F.3d. at 202-03 (citing Commonwealth v. Roundtree, 469 Pa. 241, 249 (1976)).

The Federal Rules of Criminal Procedure provide that:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged–whether felonies or misdemeanors or both–are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Cr. P. 8(a).[2]  The purpose of Rule 8(a) is to promote judicial economy and to preserve the prosecution's resources.  United States v. Gorecki, 813 F.2d 40, 42 (3d Cir. 1987).  Joinder is proper under Rule 8(a) if there is a "transactional nexus" between the joined offenses.  United States v. Eufrasio, 935 F.2d 553, 570 n. 20 (3d Cir. 1991); United States v. McGill, 964 F.2d 222, 241 (3d Cir. 1992).  Separate trials are not required if the crimes charged are allegedly a

---

[2] The New Jersey Rules of the Court has similar rules regarding the joinder and severance of offenses. See R. 3:7-6 (joinder of offenses) and R. 3:15-2(b) (severance of offenses).

9

single series of acts or transactions.  Eufrasio, 935 F.2d at 567.

Severance of properly joined offenses is not a practice favored by courts.  United States v. Homick-Van Berry, 2005 U.S. Dist. Lexis 9371 (D.N.J. May 18, 2005).  The Court may, however, order severance of offenses if the defendant might be prejudiced by joinder of offenses.  Fed. R. Cr. P. 14(a).  The matter of severance is committed to the discretion of the trial court.  See Eufrasio, 937 F.2d at 568; United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981).  The trial judge is best able to weigh the possible prejudice to the defendant against interests of judicial economy.  Reicherter, 647 F.2d at 400.  Accordingly, the trial judge's determination should only be disturbed if there was an abuse of discretion.  Id.  The burden is on the defendant to establish an abuse of discretion.  Id.  Allegations that severance would improve chances of acquittal are not sufficient to meet this burden.  Id.  Rather, the defendant must "demonstrate clear and substantial prejudice resulting in a manifestly unfair trial."  Id.

Petitioner's charges arose out of substantially related transactions because Petitioner's eluding charge resulted from his prior escape from the Detectives.  Petitioner has neither explained how trying these two related transactions together prejudiced Petitioner in any way nor how Petitioner's counsel displayed incompetence by failing to move for severance.  Due to this Court's respect for judicial economy and its deference to previous courts' decisions, this Court denies Petitioner's *habeas corpus* on this ground.

            **2.**    **Reliability of the Informant and the Admissibility of Evidence**

Petitioner requests that this Court grant him *habeas corpus* because Petitioner was prejudiced by ineffective representation at a suppression hearing.  Specifically, Petitioner argues

that his trial counsel failed to competently challenge the reliability and identity of the informant and did not properly challenge the sufficiency of the Detectives' probable cause for conducting a stop pursuant to Terry v. Ohio, 392 U.S. 1 (1968).

Respondent, however, rebuts the legal validity of Petitioner's claims.  Respondent states that the use of a confidential informant is legally permissible and that such informant is entitled to an anonymous or undisclosed identity, as consistent with state law and public policy.  Respondent states that Petitioner abandoned any property rights or interests in the shotgun because the Detectives seized it at the moment Petitioner discarded it in plain view.  Respondent's arguments are correct.  This Court denies Petitioner's petition for *habeas corpus* on the ground of ineffective trial counsel assistance at the suppression hearing because trial counsel correctly pursued Petitioner's doubts as to: (a) the reliability of the informant, and (b) the item seized by the detectives.

        **a.**    **Reliability of the Informant**

First, Petitioner's argument against the reliability of the informant does not meet the requirements of Strickland because Petitioner has not established that (1) counsel's performance was so deficient as to make "errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687.  Petitioner's argument would fail regardless of any omissions on the part of Petitioner's counsel.  Hence, Petitioner's petition for *habeas corpus* fails.

The government enjoys a qualified privilege to withhold from disclosure the identity of

informants.[3]  See Roviaro v. United States, 353 U.S. 53, 59 (1957).  This rule represents an important policy of protecting the identity of informants, so as to promote trust between private citizens and law enforcement and to facilitate the cooperation between informants and law enforcement.  Id.  The privilege is limited and does not apply if the identity of the informant has previously been disclosed or disclosure is "relevant and helpful to the defense of an accused or is essential to a fair determination of cause."  Id. at 60-61.

In deciding whether to respect the privilege, the court must make a case-specific inquiry and "balance the public interest in protecting the flow of information against the individual's right to prepare his defense."  Roviaro, 353 U.S. at 62. The burden of establishing the need for disclosure falls on the defendant. United States v. Jiles, 658 F.2d 194, 196-97 (3d Cir. 1981). This burden is not satisfied by speculation that evidence may be helpful to defendant's case.  Id.; see also United States v. Gayle, 2007 U.S. Dist. Lexis 17158 (E.D. Pa. Mar. 12, 2007); United States v. Bazzano, 712 F.2d 826, 839 (3d Cir. 1983); United States v. Brenneman, 455 F.2d 809, 811 (3d Cir. 1972).  When the informant was not an active participant in or eyewitness to the alleged criminal activity,  but rather "a mere tipster" the informant's identity generally need not be disclosed.  Jiles, 658 F.2d at 197.

Information provided by confidential informants may constitute probable cause providing there is a substantial basis for crediting that information.  See generally Illinois v. Gates, 462 U.S. 213 (1983).  When determining whether probable cause exists, courts must consider the totality of the circumstances.  Id. at 230-31.  Under the totality of the circumstances test, the court

---

[3] The Court notes that New Jersey has codified this privilege under N.J.S.A. 2A:84-A-28, which provides: [a] witness has a privilege to refuse to disclose the identity of a person who has furnished information purporting to disclose a violation of a provision of the laws of this State or of the United States...unless the judge finds that (a) the identity of the person furnishing the information has already been otherwise disclosed or (b) the disclosure of his identity is essential to assure a fair determination of the issues.N.J.S.A. 2A:84A-28 (1960); N.J.R.E. 516 (1993).

12

must consider the informant's "veracity" and "basis of knowledge." Hammary v. Sherrer, 2007 U.S. Dist. Lexis 87429 (D.N.J. Nov. 28, 2007). If there is a deficiency in one factor it can be overcome by a strong showing of the other or by another indicia of reliability. Id. Furthermore, if police corroborate the informant's tip that corroboration may satisfy the basis of knowledge prong as well as the veracity prong. Id.

Petitioner has not demonstrated his counsel was ineffective. First, the informant's identity had neither been previously disclosed nor determined to be essential to a fair determination of Petitioner's case. Second, the informant was reliable, other witnesses were involved and the informant's statements were detailed in nature. The informant had provided reliable information to the police no less than fifteen prior times. The Detectives had conducted surveillance of Petitioner and then witnessed events to provide them with their own independent probable cause. The informant's tip was also very detailed, providing Petitioner's street name, attire and photograph, among other details. Petitioner's request for *habeas corpus* upon the ground that trial counsel ineffectively pursued this issue fails.

### b. Admissibility of the Evidence

Second, Petitioner's "fruit of the poisonous tree" argument is meritless because Petitioner abandoned his property interest in the shotgun when he discarded that shotgun into the foyer area of his residence. See Wong Sun v. United States, 371 U.S. 471 (1963). In State v. Farinch, the New Jersey Superior Court stated that "while police may have the right to make an inquiry, in the absence of information that a crime has occurred, a suspect's failure to stop or his flight would be an insufficient basis for seizure or detention, but even in such case, evidence seized will not be suppressed if the suspect abandoned it." State v. Farinch, 179 N.J. Super. 1, 5 (N.J. Super. Ct. App. Div.1981). A defendant abandons property when "he voluntarily discards, leaves behind or otherwise relinquishes his interest in the property in question so that he can no longer retain a

13

reasonable expectation of privacy with regard to it at the time of the search.  Id. at 6; See also United States v. Colbert, 474 F.2d 174, 176 (5th Cir. 1973).  In Farinch, the Court found that the defendants had no desire to reclaim the evidence after dropping it during pursuit by police, thereby voluntarily abandoning the evidence.  Farinch, 179 N.J. Super. at 6-7.

Here, Petitioner's case is strikingly similar to the defendants' case in Farinch.  The police did not obtain the sawed-off shotgun by means of a Terry stop.  Instead, as in Farinch, Petitioner attempted to dispose of his shotgun while in pursuit by police.  While eluding police, Petitioner voluntarily abandoned this piece of property in plain view.  At that point, Petitioner could no longer reasonably expect to retain a valid property or privacy interest in that shotgun. Petitioner's "fruit of the poisonous tree" argument, therefore, fails.

Under the precedent of Strickland, Petitioner has not demonstrated that his trial counsel failed to reasonably pursue Petitioner's concerns related to: (1) severance of the eluding claim from other claims; and (2) challenge to the informant's reliability and identity, coupled with the "fruits of the poisonous tree" argument to bar use of the shotgun from admitted evidence.  This Court finds that Petitioner's trial counsel was sufficient and that, but for any alleged errors in trial counsel's representation, Petitioner's case would result in the same outcome.  Therefore, this Court denies Petitioner's request for *habeas corpus* on the ground of ineffective assistance of trial counsel.

### C.      Trial Court Determinations

#### 1.      Failure to Give a Limiting Charge

Petitioner claims that the trial court's failure to give a limiting jury instruction for the police officer's mention of a Bureau of Criminal Investigation ("B.C.I.") photograph entitles Petitioner to *habeas corpus*.  Petitioner also states that the trial court's refusal to grant Petitioner

14

a mistrial similarly entitles Petitioner to *habeas corpus*.

"An appraisal of the significance of an error in the instructions to the jury requires a comparison of the instructions which were actually given with those that should have been given." Henderson v. Kibbe, 431 U.S. 145, 154 (1977). A court will rarely reverse a criminal conviction based upon an improper jury instruction because courts retain a strong interest in finality of judgments. See id.; see also Namet v. United States, 373 U.S. 179. 190 (1963). In this collateral proceeding, this Court must ask "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," looking beyond the potentially undesirable or erroneous nature of the instruction." Cupp v. Naughten, 414 U.S. 141, 147 (1973); see also Henderson, 431 U.S. at 145.

Notably, Petitioner's trial counsel requested that the court use a particular trial charge, as desirable to Petitioner. While Petitioner may be unhappy with the resulting outcome, this Court will not disturb the finality of Petitioner's judgment solely because Petitioner's outcome was unfavorable or undesirable to Petitioner. Petitioner's request for *habeas corpus* is denied.

## 2.     **Inconsistent Verdicts**[4]

Petitioner asserts that his conviction of possession of a shotgun and his acquittal of possession of C.D.S. were impermissibly inconsistent. Inconsistent verdicts, however, are allowed as the Supreme Court has held that consistency in verdict is not required. Dunn v. United States, 284 U.S. 390, 393 (1932). Likewise, the Third Circuit has held that "[w]here different offenses are charged in separate counts of a single indictment, an acquittal on one or more of the counts does not invalidate a verdict of guilty on another even where the same evidence is offered in support of each count." United States v. Vastine, 363 F.2d 853, 854 (3d

---

[4] Although Petitioner requests *habeas corpus* because he claims that there is inconsistent proof to convict him, this Court denies Petitioner's request upon those grounds. This Court prefers to grant deference to the jury's decision, granting the past courts' review of this matter with great deference, rather than imposing its own subjective judgment of the jury's preponderance of the evidence. See e.g., Jackson v. Virginia, 443 U.S. 307, 326 (1979); Herrera v. Collins, 506 U.S. 390, 402 (1993).

15

Furthermore, inconsistent verdict claims "are not cognizable on federal habeas review in the absence of conviction of two offenses that are mutually exclusive." Carson v. Sullivan, 2007 U.S. Dist. Lexis 62076 (D.N.J. Aug. 23, 2007). In light of this fundamental policy and the fact that the two offenses are not mutually exclusive, the jury's decision to convict Petitioner of his weapons charges and to acquit Petitioner of his possession of C.D.S. will not be disturbed. Petitioner's request for *habeas corpus* is denied on this ground.

### D.  Length of Sentence

Petitioner states that this Court should grant his *habeas corpus* petition because his sentence was manifestly excessive in light of all the surrounding circumstances. Petitioner believes that his aggregate term of eighteen years, with parole eligibility after nine years, must be remanded for re-sentencing for an aggregate term not to exceed sixteen years with no parole bar. Although Petitioner concedes that the aggravating factors exceed the mitigating factors in his case, and that he had a prior criminal history, he remarks that he had no prior charges involving weapons.

Respondent remarks that Petitioner alleges no constitutional violation from the sentence imposed upon Petitioner. Hence, Respondent argues that this Court does not have appropriate jurisdiction to review the validity and length of the state court's sentence and this Court agrees.

This Court may review the validity and length of a state court's sentence "whenever a constitutional defect in such sentence is properly asserted." Toulson v. Beyer, 827 F.Supp. 307, 309 (D.N.J. 1993), aff'd 30 F.3d 14, 88 (3d Cir. 1994). Federal courts have limited standard of review to conduct such inquiry. Id.; Grecco v. O'Lone, 661 F.Supp. 408, 415 (D.N.J. 1987). In fact, "[s]o long as the type of punishment is not based upon any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the

16

penalties for violation of state statutes are matters of state concern." Grecco, 661 F.Supp. at 415.

Petitioner was convicted of five separate charges. The trial court determined his resulting sentence, finding that the aggravating factors outweighed the mitigating factors. Petitioner has not alleged that his resulting sentence is cruel and unusual, was racially motivated, or was enhanced by indigency. Hence, this Court declines to interfere with the state court's determination of Petitioner's sentence.

### E.      Assistance of Appellate Counsel

Petitioner argues that he is entitled to *habeas corpus* because his appellate counsel was ineffective, depriving him of his due process guarantee to effective assistance of counsel on his first appeal. Petitioner disagrees with his appellate counsel's strategic arguments. Petitioner states that certain issues were readily identifiable and that there was no reason not to raise these arguments. Respondent, however, argues that appellate counsel is not obligated to pursue every nonfrivolous point requested by Petitioner if, in his or her professional judgment, he or she decides not to pursue the requested issue. See Jones v. Barnes, 463 U.S. 745, 751 (1983).

On a first appeal, due process guarantees a criminal defendant effective assistance of counsel. See Evitts v. Lucey, 469 U.S. 387 (1985). Applying the Strickland standard, Petitioner must prove "failure of counsel to perform according to reasonable professional standards and prejudice." Wicker v. McCotter, 783 F.2d 487, 497 (5th Cir. 1986). Deference is granted to appellate counsel, to determine which issue to pursue. See Siatrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996). For these reasons, this Court denies Petitioner's request for *habeas corpus* on the grounds of ineffective appellate counsel because it determines that Petitioner's appellate representation did not fall below an objective standard.

Petitioner sets forth no information to rebut the effectiveness of his appellate counsel. The appellate counsel prepared a brief to support Petitioner's *pro se* motion. Similarly, Petitioner has not explained how counsel made errors so serious as to deprive Petitioner the counsel guaranteed by the Sixth Amendment. Petitioner does not identify what issues were readily identifiable or how his appellate counsel's decision to raise other issues prejudiced him. Based upon Petitioner's vague and tenuous claims, this Court rejects Petitioner's petition for *habeas corpus* on the ground of ineffective assistance of appellate counsel.

### F.      Post Conviction Relief ("PCR")

Petitioner requests *habeas corpus* because he claims that: (1) the PCR court erred by failing to order an evidentiary hearing related to Petitioner's assertions of ineffective assistance of trial counsel; and (2) the PCR court erred by failing to remand Petitioner's case for re-sentencing after it overturned part of Petitioner's conviction. Petitioner asserts that the PCR court committed reversible error and that the court should have granted him an evidentiary hearing and remand. Petitioner does not, however, allege that this failure raises any constitutional issues. Specifically, Petitioner does not allege that this reversible error deprives him of a constitutional right or results from an unreasonable determination of fact, in accordance with 28 U.S.C. § 2244(d)(1)-(2).

Based upon the plain language of 28 U.S.C. § 2244, Petitioner's arguments fail. First, Petitioner fails to demonstrate that this reversible error was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. Second, Petitioner fails to establish that this reversible error "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceedings." Id.  Hence, this Court denies Petitioner's request for *habeas corpus* on the grounds of reversible error by the PCR court.

Petitioner's petition for *habeas corpus* is denied.

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiff's petition for *habeas corpus* is **denied**.  An appropriate Order accompanies this Opinion.

/s/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       August 15, 2008
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File